CELLULOID MANUF'G CO. *v.* CHROLITHION COLLAR & CUFF CO.

(*Circuit Court, S. D. New York.* April 3, 1885.)

1. PATENTS FOR INVENTIONS—CELLULOID COLLARS AND CUFFS—INVENTION—INFRINGEMENT.

   Letters patent No. 200,939, granted to Rufus H. Sanborn, Charles O. Kanouse, and Albert A. Sanborn, March 5, 1878, for a new and improved fabric for collars and cuffs, *held*, not void for want of novelty and invention, and infringed by use of such fabric by defendants around the button-holes and edges of the collars and cuffs made by them.

2. SAME—WHAT CONSTITUTES INFRINGEMENT.

   Where there is a valid patent for a fabric, any one who uses the fabric without a license is an infringer; and it is no defense to urge that he might have used more, or that he uses less than the patentee in making similar articles. If he uses any of the fabric he uses enough to make him an infringer.

In Equity.

*William D. Shipman, Frederic H. Betts,* and *J. E. Hindon Hyde,* for complainants.

*Edwin M. Felt* and *John P. Adams,* for defendants.

COXE, J. The complainants are the owners of letters patent No. 200,939, granted to Rufus H. Sanborn, Charles O. Kanouse, and Albert A. Sanborn, March 5, 1878, for a new and improved fabric for collars and cuffs. In the specification the inventors declare:

"The object of our invention is to make an improvement in collars and cuffs, and like articles of wear, which may be worn a long time without soil-

ing, and be easily renovated for continued wear, by producing them of celluloid or other forms of pyroxyline or soluble material of like nature, and a textile or fibrous fabric, in the manner following:

"The celluloid, A, is prepared in thin sheets, and between two sheets is placed a sheet of muslin, or other textile fabric, B, to give increased body, elasticity, and strength to the whole; or, in place of the textile material a substance of the nature of paper may be used, and the same end be answered.

"The union of the celluloid and the inner substance may be effected, as above shown, in sheets, and the articles of wear be cut from this united sheet and fitted for use; or the articles of wear may be cut from the separate sheets, and the three be put together afterwards; and whenever united, the parts together are submitted to suitable pressure for thoroughly incorporating them into one body. In this way collars, cuffs, shirt-fronts, or neck-ties, etc., may be made durable, and of a material sufficiently elastic, and easily kept clean, for the surface may be washed the same as earthenware."

The claim is as follows:

"A fabric for collars and cuffs, or other similar articles, having outer sheets or layers of celluloid and an interlining of textile or fibrous material, substantially as and for the purposes specified."

The defenses are lack of novelty and invention and non-infringement. Prior to the patent the great utility and importance of a cheap and durable material for collars and cuffs, which should have the appearance of linen, and at the same time be capable of continuous wear without washing and ironing, had long been recognized. To supply this want had been the aim and object of a host of inventors. The problem which confronted them was by no means easy of solution. The whole material universe was searched, and a great variety of fabrics and combinations of fabrics were adopted, but still no practical result was attained. Always some important requisite was lacking. At length the discovery of celluloid and other pyroxyline compounds offered, apparently, a solution of the difficulty. Many experiments were made, but the complainants' assignors were the first, so far as this record discloses, to embody in tangible and practical form the idea which had, perhaps, vaguely floated through the minds of others. All before their invention was tentative, impracticable, visionary. They have produced the required fabric,—a fabric having durability, elasticity and lightness, easily cleansed, inexpensive, and of the proper thickness and color. A fabric, in short, which possesses many of the characteristics of linen, and, when made into collars and cuffs, enables the wearer to dispense with the services of the launderer. No one had previously combined all these advantages or any considerable part of them. The novelty of the invention is not negatived by any of the patents, American or foreign, introduced by the defendants. They all deal with pyroxyline in a liquid or semi-fluid form, as a paint, as a coating, and not in the solid form used by the complainants. In some of these patents, the inventors state generally that the compound produced by them may be used upon collars and cuffs and other textile materials. They knew, many of them, what was wanted, but they did not know how

to produce it. No one describes with anything like the required accuracy the fabric of the complainants. The burden is upon the defendants to satisfy the court that the prior descriptions contain such a clear, full, and exact statement that a person skilled in the art, with the statement before him, could produce the fabric in question. Not only have the defendants failed in this, but the proof, from the experts as well as from those in the employ of the defendants themselves, is positive and affirmative that the information derived from the prior patents, singly or combined, will not produce a material of the least practical-value for collars and cuffs. Liquid pyroxyline cannot, upon this proof, be utilized for such purpose. The law requires something beyond mere suggestion to defeat a patent. Prophesy will not do it. Facts not theories are needed. The conclusion is reached, therefore, that the inventive faculty, and not mechanical skill alone, was required to produce the invention described in the complainants' patent, and that the patent is valid.

Upon the question of infringement there is more difficulty. Upon a cursory examination of the defendants' collars and cuffs, and the evidence relating to the manner of their manufacture, the court might hesitate to declare infringement, but as the inquiry proceeds the more deep seated becomes the conviction that the complainants' rights are encroached upon.

The defendants cut a single sheet of chrolithion, which is a substance essentially the same as celluloid, into the desired shape, but larger than the finished article. A narrow strip of textile or fibrous material is placed around the four edges, which are then folded over, and by heat and pressure made to adhere. The button-holes are strengthened in substantially the same manner. Thus it will be seen that at the seam or outer edge, where increased strength, body, and elasticity are most important, where the principal strain comes, and where the liability to tear and crack is greatest, the invention of the complainants is unquestionably adopted. At these points the defendants use a fabric having outer layers of celluloid and an interlining of textile material. In considering this question it should be remembered that the invention is not for a collar or cuff, but for a fabric. The defendants do not use the fabric for the interior portion of their cuff, but they do use it at the edges and around the button-holes. The contention seems to be that they do not infringe because they do not use as much of the complainants' fabric as the complainants do. The inquiry is, *first*, do the defendants, at the edge and around the button-holes of their collars and cuffs, use a fabric? and, *second*, do they use the fabric claimed in the complainants' patent? If they do, then, *pro tanto*, they are infringers. The testimony upon this subject is quite convincing that there has been a studied effort on the part of the defendants, from the first, to appropriate all the benefits of the complainants' invention, and avoid paying tribute by cleverly devised but insubstantial variations. The defendants might, it is true, have

made their collars and cuffs entirely of the patented material, but where there is a valid patent for a fabric, any one who uses the fabric without license is an infringer; and it is no defense to urge that he might have used more, or that he uses less than the patentee in the manufacture of similar articles. If he uses any of the fabric he uses enough to make him an infringer.

There should be a decree for the complainants.