WHITE v. PEERLESS RUBBER MFG. CO.

(Circuit Court, W. D. Pennsylvania. September 26, 1901.)

No. 15.

1. PATENTS—INFRINGEMENT.
    One who appropriates a patented invention so as to gain imperfectly and to a limited extent only the advantages thereof, does not thereby free himself from infringement.

2. SAME—PACKING.
    The White patent, No. 337,000, for a packing, consisting of a tubular, nonelastic core, capable of being bent or flattened, incased in an elastic tube, *held* valid and infringed.

In Equity. Suit for infringement of patent. On final hearing.

James Bredin and Christy & Christy, for complainant.
Dickerson & Brown and Ernest Hopkinson, for respondent.

BUFFINGTON, District Judge. Complainant charges infringement of both claims of his patent No. 337,000, dated March 2, 1886, for packing. The claims are as follows:

"(1) As a new article of manufacture, a packing consisting essentially of a tubular, practically nonelastic core capable of being bent or flattened, and a casing or covering of elastic material adapted to constitute a seal, substantially as described. (2) As a new article of manufacture, a packing consisting of a tubular lead core incased in a tube of rubber, substantially as described."

While the patent concedes the value of lead and rubber combined as packing material was known, yet no such combination as White's, viz. a tubular lead core incased in a tube of rubber, is shown to have existed prior to this patent. The prima facies of novelty and pat-

entability arising from the grant of the patent have not been over-come. The utility of such a device is shown in several statements made by respondent's expert. The testimony of Logan is positive of its efficiency in actual use, and is not controverted. The fact that White did not manufacture under his patent, the reason for which is shown, did not lessen the intrinsic worth of the device, and will not deprive him of the monopoly granted him for what is now proved to be a meritorious combination. The respondent company sells a packing which, when in use, consists of a section of rubber tubing and a short section of tubular lead core introduced into each end of the tubing to form a joint, which joint is tightly wrapped with a rubber band. As thus fitted for operative use, the respondent company has at the joint a tubular lead core incased in a rubber tube, and for the rest of the packing a rubber tube alone. In the joint section it thus uses the combination of the second claim, viz. "a packing consisting of a tubular lead core incased in a tube of rubber." It seeks to escape the consequences of the use of this combination by the fact that the lead tube does not extend through the entire length of the rubber tube. While White points out certain advantages resulting from carrying the lead through the entire length of the rubber, yet there is no limitation in his claim which compels him to so extend it. While such construction is not suggested in the patent, yet nothing is stated which precludes the use of a section of rubber tubing as a section of packing in conjunction with another section, where the rubber and lead tubes are used conjointly. White shows a ring construction and a straight construction as well, but neither form is made an element of the claims. The claim is for "a packing consisting essentially of a tubular, practically nonelastic core, capable of being bent or flattened, and a casing or covering of elastic material adapted to constitute a seal." Respondent uses such tubular, nonelastic core. It is capable of being bent or flattened. Because of the particular construction used, it does not avail itself of the lead's capacity to bend and maintain an angular position, as does White, to make the packing conform to the angular shape of a particular joint, but it does avail itself of the tubular, nonelastic, and flattening capabilities of the lead in conjoint use with the rubber to secure, at the point where it uses the combination, a tight joint, just as White does, and by use of the two elements in the relation first shown by White. If this section of respondent's packer be located at the most vulnerable point, to wit, where the surfaces are uneven, it is evident that the action of the compressible lead tube and the sealing rubber is exactly that detailed by respondent's expert as a feature of White's patent, viz.:

"I also recognize the correctness of the statement as to the conjoint action of the lead core and rubber casing, as in fact the rubber is compressed tightly between the opposite faces of the flattened lead core and the faces or seats of the joint; and if the latter are irregular, or not perfectly flat, the lead core against which the rubber is pressed will be caused to conform to the shape of the surface against which it rests,—that is, the surface of the rubber,—which also conforms to the surface of the seat. The space between the seats is thus completely filled by the closely compacted lead and rubber, even if such space is not regular in form."

At the joint, which is the most vulnerable place in the packing, and at the point where there are inequalities in the surface, which is the most difficult place to seal, the respondent uses the identical elements of White's combination operating in the same way. If it secure the same result as White by using his device where its use is essential and substantial and discards it where it is nonessential and immaterial, we must still hold, if the patent serves to substantially protect, that the respondent has taken the substance of White's device. We therefore hold the respondent an infringer, for one who appropriates an invention so as to gain imperfectly or to a limited extent the advantages which may be derived therefrom, does not thereby free himself from infringement. Sewall v. Jones, 91 U. S. 171, 23 L. Ed. 275, and cases cited. To the extent the respondent uses White's combination, to such an extent it acquires the full measure of benefit from it. Celluloid Mfg. Co. v. Chrolithion Collar & Cuff Co. (C. C.) 23 Fed. 397, is akin to this case. By using some of the complainant's packing, respondent uses enough to make it an infringer.